# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DORPAN, S.L.<br><br>PLAINTIFF<br><br>VS.<br><br>HOTEL MELIÁ, INC.<br><br>DEFENDANT | CIVIL NO. _____<br><br>RE:<br><br>DECLARATORY JUDGMENT;<br>LANHAM ACT |

## COMPLAINT

**TO THE HONORABLE COURT:**

Now comes Dorpan, S.L. (DORPAN) through its undersigned legal representation and respectfully states and prays:

### NATURE OF THIS ACTION

1. This is a petition for under the Federal Lanham Act (15 U.S.C.A. §§1051 *et seq.*) for a declaratory judgment ruling that DORPAN is entitled to use in Puerto Rico its GRAN MELIÁ PUERTO RICO federally registered trademark in connection with hotel and restaurant services, without interference from defendant Hotel Meliá, Inc. (HMI).

### JURISDICTION AND VENUE

2. The United States District Court for the District of Puerto Rico has jurisdiction by virtue of the facts that: (1) this is a civil action arising under the United States Trademark Act, 15 U.S.C.A. §§1051 *et seq.*, where jurisdiction is expressly conferred in accordance with 15 U.S.C.A. §1121 and 28 U.S.C.A. §1338(a) and, (2) this is a civil action in which Plaintiff and Defendant are citizens of different states and the value of the matter in controversy exceeds the

1

sum of $75,000.00 exclusive of interests and costs, where jurisdiction is expressly conferred in accordance with 28 U.S.C.A. §1332(a).  The Court has pendant jurisdiction over all related claims herein in accordance with 28 U.S.C.A. §1338(b). Venue is proper in this district in accordance with 28 U.S.C.A. §1391(b).

THE PARTIES

3. DORPAN is a Spanish joint stock company with an address at 24 Gremio Toneleros, Poligono Son Castello, Palma, Majorca , Spain, and is a wholly owned subsidiary of Sol Meliá S.A.(SOL MELIÁ), a Spanish joint stock company with offices also at  24 Gremio Toneleros, Poligono Son Castello, Palma, Majorca, Spain, engaged in the ownership and operation of luxury hotels and resorts throughout the world.

4. Upon information and belief HMI is a closed family corporation organized and doing business under the laws of Puerto Rico with an address at 75 Cristina Street, Ponce, Puerto Rico. HMI owns and operates the "Hotel Meliá" in Ponce.

FACTUAL BACKGROUND

5. DORPAN became organized in Spain on or about July 31st, 1991. Its primary business activity is to own, and to act as the holder, of all trademarks used by SOL MELIÁ and the SOL MELIÁ group of companies (the MELIÁ GROUP) in connection with SOL MELIÁ'S hotel and resort business.

6. The history of DORPAN and SOL MELIÁ goes back in time to 1956, when HOTELES MALLORQUINES, S.A. (HMSA) (the predecessor in interest of SOL MELIÁ) became organized, to engage in the hotel business in the island of Mallorca, Spain.

7. As a result of the tourism boom that Spain enjoyed during the sixties, SOL MELIÁ broadened its hotel chain throughout the Balearic Islands. In 1976, the company

continued to expand by acquiring additional hotels and resorts in Costa del Sol and in Canary Islands.

8. By 1984, SOL MELIÁ had acquired HOTASA, a Spanish company that owned a number of hotels in the Iberian Peninsula. The acquisition gave the company a significant presence in all major Spanish cities. That same year SOL MELIÁ opened its first hotel outside Spain, in Bali (Indonesia). The expansion continued in the following years, with the opening of additional hotels in Mexico and the Caribbean.

9. In 1987, SOL MELIÁ purchased HOTELES MELIÁ, S.A., a Spanish company that owned a network of hotels in Spain.

10. In 1993, the company continued to expand operations throughout Europe.

11. In 1996, HOTELES MELIÁ S.A. merged with SOL MELIÁ.

12. Currently, SOL MELIÁ operates 8 different hotel brands to cover the accommodation needs of a wide range of guests: GRAN MELIÁ, MELIÁ, TRYP, ME BY MELIÁ, SOL MELIÁ VACATION CLUB, INNSIDE, SOL HOTELS, AND PARADISUS.

13. SOL MELIÁ is Spain's largest hotel conglomerate, Europe's fifth biggest, and number 15 worldwide. In all, the company owns or operates over 313 hotels in 26 countries.

14. DORPAN is the owner of numerous trademark and service mark registrations with the term MELIÁ in Spain and in many countries throughout the world, including the United States.

15. In the United States DORPAN owns a number of trademarks with the term MELIÁ all of which are registered in the Principal Register of the United States Patent and Trademark Office and are listed in the table that follows:

| MARK | REG. No. | CLASS | FILLING DATE | REG. DATE | STATUS |
|---|---|---|---|---|---|
| SOL MELIÁ | 3100367 | 16-Paper goods and printed matters<br>36-Insurance and financial<br>43-Hotel and restaurant services | February 28, 2005 | June 06, 2006 | Live (Registered) |
| SOL MELIÁ | 3003619 | 16-Paper goods and printed matters<br>39-Transportation and storage<br>43-Hotel and restaurant services | September 29, 2003 | October 04, 2005 | Live (Registered) |
| MELIÁ VACATION CLUB | 2966400 | 16-Paper goods and printed matters<br>36-Insurance and financial<br>43-Hotel and restaurant services | September 09, 2003 | July 12, 2005 | Live (Registered) |
| ME BY MELIÁ | 3518860 | 16-Paper goods and printed matters<br>43-Hotel and restaurant services | January 23, 2007 | October 21, 2008 | Live (Registered) |
| GRAN MELIÁ | 2124741 | 16-Paper goods and printed matters<br>42-Scientific and technological services, engineering services, legal services, and computer hardware and software development and related services) | November 20, 1995 | December 30, 1997 | Live (Renewed) |
| MELIÁ HOTELES | 2133599 | 42-Scientific and technological services, etc.<br>(See description above). | February, 08, 1994 | February 03, 1998 | Live (Renewed) |
| MELIÁ BOUTIQUE HOTELS | 3237241 | 16-Paper goods and printed matters<br>43- Hotel and restaurant services | June 29, 2006 | May 01, 2007 | Live (Registered) |
| VIALES MELIÁ | 0862158 | 39-Transportation and storage | November 01, 1967 | December 17, 1968 | Live (Registered) |

4

16. All registrations listed in the foregoing table are valid and enforceable. Moreover, U.S. Registrations 2133599 for MELIÁ HOTELES, in Class 42, and 0862158 for VIAJES MELIÁ in class 39 have become incontestable under 15 USC § 1065, and therefore constitute conclusive proof of DORPAN'S superior right to use in commerce the term MELIÁ, with exclusivity and without interference from others.

17. Over the years DORPAN and/or SOL MELIÁ have invested millions of dollars to promote and advertise the MELIÁ brand. For instance, during fiscal year 2007 advertising and promotional expenses were in excess of € 5,000,000, on or about $6,500,000.

18. As a result of such significant expenditure, the MELIÁ brand has developed immense goodwill. Combined worldwide sales for SOL MELIÁ for fiscal year 2007 were in excess of € 1,350,000,000, on or about $1,750,000,000.

19. As a result of the foregoing the term MELIÁ stands today in the world as a symbol of fine luxury hotel and resort services that the trade and the public have come to associate with DORPAN and the MELIÁ GROUP of companies.

20. Since at least 2007, Desarrolladora del Norte S. en C., S.A. (DESARROLLADORA), a Sol MELIÁ company, operates at Coco Beach, Río Grande, Puerto Rico, with the approval and license of DORPAN, a luxury hotel under the GRAN MELIÁ PUERTO RICO designation.

21. DESARROLLADORA and DORPAN are related companies within the meaning of 15 U.S.CA. §§1055 and 1127 and therefore use of the GRAN MELIÁ PUERTO RICO service mark by DESARROLLADORA inures to the benefit of DORPAN as owner and licensor of the GRAN MELIÁ U.S Registered service mark.

22. Defendant HMI owns and operates a hotel facility in downtown Ponce, Puerto Rico, under the HOTEL MELIÁ designation, where it has remained dormant for many years with no intention of expanding operations to other areas.

23. HMI does not own any trademark, service mark or trade name registrations for the HOTEL MELIÁ designation, under either Puerto Rico or U.S. law.

## ACTUAL CONTROVERSY

24. An actual controversy exists as to which of the parties is entitled to use in Puerto Rico the term MELIÁ to identify and distinguish hotel services.

25. HMI objects the GRAN MELIÁ PUERTO RICO designation claiming to own the exclusive right to use the name MELIÁ and thus filed, before the Court of First Instance, Ponce Part, civil case Number JPE2008-0998, *Hotel Meliá, Inc. vs. Dorpan, S.L. and Desarrolladora del Norte S. en C., S.A.* where it seeks to stop DORPAN and DESARROLLADORA from using the term.

26. On January 29, 2009 DESARROLLADORA was served with summons in that lawsuit. DORPAN has not been served and will not, since on February 4, 2009 HMI filed a motion for the voluntary dismissal of the complaint against DORPAN, claiming that Desarrolladora is the entity that uses the GRAN MELIÁ PUERTO RICO designation. A status conference hearing is scheduled for February 24, 2009 before the Court of First Instance.

27. HMI's contention is two pronged, and rests exclusively on Puerto Rico law. First, HMI argues that MELIÁ is the family name of the founders of its hotel, that it is the senior user of the name, claiming continuous uninterrupted use for over 100 years of HOTEL MELIÁ to designate its hotel in city center Ponce, that as a result of such use and of extensive advertising, the HOTEL MELIÁ name is well known in Puerto Rico and abroad and stands for HMI's hotel in Ponce.

28. Two, HMI claims that in 1976 the Superior Court of Puerto Rico, San Juan Part, conclusively resolved and settled the same controversy in the matter of *Hotel Meliá, Inc. v. Inmobiliaria Meliá de P.R.,* Civil Number 76-884(904).

29. There, the Superior Court entered judgment by default holding that HMI has the exclusive right to use in Puerto Rico the term MELIÁ or HOTEL MELIÁ for hotel services or similarly related services.

### DORPAN'S POSITION

30. DORPAN'S position is also two pronged.

31. First, and with regard to HMI's seniority claim, DORPAN holds that it owns a plainly superior right to use and enjoy, without interference from others, including HMI, the term MELIÁ to identify and distinguish hotel services in interstate commerce, including Puerto Rico.

32. The superiority of DORPAN'S rights to own and to use the term MELIÁ for hotel services, in interstate commerce, including Puerto Rico, emanates from the Lanham Act, 15 USCA § 1051 *et seq.*, and from the protection that flows from the fact that it owns the U.S. Registrations listed in the table above.

33. The Lanham Act, 15 U.S.C.A. § 1072, provides that registration of a trademark on the principal register is constructive notice of the registrant's claim of ownership and affords nationwide protection to registered marks, regardless of the areas in which the registrant actually uses the mark.

34. Moreover, U.S. Registration 2,133,599 for MELIÁ HOTELES in Class 42 and U.S. Registration 0862158 for VIAJES MELIÁ in Class 39, have become incontestable. Under the Lanham Act, 15 U.S.C.A. § 1065, such registrations constitute conclusive evidence of DORPAN'S superior right to use MELIÁ in commerce in connection with hotel services, 15 U.S.C.A. § 1115(b).

35. Nonetheless, to the extent HMI is able to prove prior and continuous use of HOTEL MELIÁ in Ponce, before DORPAN filed for registration in the Principal Register of the USPTO, then under the Lanham Act, 15 U.S.C.A. § 1115(b), HMI may be entitled to continue to

use such designation in a small limited area of Ponce where it has remained dormant with no intention of expanding to other areas its hotel business.

36. With regard to HMI's contention that the actual controversy was conclusively resolved by the Superior Court in the case cited above, DORPAN holds that the decision is not binding for a number of reasons, among others the followings.

37. First, neither DORPAN, DESARROLLADORA nor any other member company of SOL MELIÁ were parties in that lawsuit; two, the controversy was not decided on the merits as judgment was entered by default; and three, upon information and belief, use of the term MELIÁ by defendant INMOBILIARIA MELIÁ DE P.R. never got off to a start and therefore actual use of the term was never an issue.

### FIRST CLAIM FOR RELIEF

38. DORPAN incorporates by reference all preceding paragraphs.

39. Under the Lanham Act, DORPAN is plainly entitled to continue to use in Puerto Rico the GRAN MELIÁ PUERTO RICO name and service mark, to identify and distinguish in commerce its hotel at Coco Beach, Rio Grande.

### SECOND CLAIM FOR RELIEF

40. DORPAN incorporates by reference all preceding paragraphs.

41. Assuming HMI is able to prove prior and continuous use of HOTEL MELIÁ in Ponce, before DORPAN filed for the registration in the Principal Register of the USPTO, then under the Lanham Act, 15 USCA § 1115(b), HMI may continue use such designation in a small limited area, restricted to downtown Ponce, where it has remained dormant.

### THIRD CLAIM FOR RELIEF

42. DORPAN incorporates by reference all preceding paragraphs.

43. The default judgment that the Superior Court of Puerto Rico entered in the matter of *Hotel Meliá, Inc. v. Inmobiliaria Meliá de P.R.*, Civil Number 76-884(904) does not resolve

nor controls the actual controversy and does not bind DORPAN DESARROLLADORA or any other member company of the MELIÁ GROUP.

### FOURTH CLAIM FOR RELIEF

44.     DORPAN incorporates by reference all preceding paragraphs.

45.     Civil Case Number JPE2008-0998, *Hotel Meliá, Inc. vs. Dorpan, S.L. and Desarrolladora del Norte S. en C., S.A.* now pending before the Court of First Instance, Ponce part, is predicated on the law of Puerto Rico and therefore threatens to interfere with DORPAN'S rights under the Lanham Act to use and enjoy in commerce, including Puerto Rico, its federally registered marks with the term MELIÁ.

46.     While this matter remains before the Court and until decided on its merits an order staying Civil Case Number JPE2008-0998, should be entered in order to avoid any conflict of law or of jurisdiction, as well as, inconsistent results.

47.     Likewise, once resolved on its merit an order dismissing that case should follow.

### PRAYER FOR RELIEF

**WHEREFORE** DORPAN prays for declaratory judgment in its favor on all claims for relief and for an order ruling that:

- a)     DORPAN is plainly entitled to continue to use in Puerto Rico the GRAN MELIÁ PUERTO RICO mark to name, identify and distinguish in commerce its restaurant and hotel services;

- b)     To the extent that HMI is able to prove prior and continuous use of HOTEL MELIÁ in Ponce, before DORPAN filed for the registration in the Principal Register of the USPTO, then under the Lanham Act, 15 USCA § 1115(b), HMI may continue use such designation only in downtown Ponce;

- c)     The default judgment that the Superior Court of Puerto Rico entered in the matter of *Hotel Meliá, Inc. v. Inmobiliaria Meliá de P.R.*, Civil Number 76-884(904)

9

does not resolve nor controls the actual controversy and does not bind DORPAN, DESARROLLADORA or any other member company of the MELIÁ GROUP;

d) Ordering that Civil Case Number JPE2008-0998, *Hotel Meliá, Inc. vs. Dorpan, S.L. and Desarrolladora del Norte S. en C., S.A.* now pending before the Court of First Instance of Puerto Rico, Ponce Part, be stayed for the duration of this action until finally resolved;

e) Ordering that Civil Case Number JPE2008-0998, *Hotel Meliá, Inc. vs. Dorpan, S.L. and Desarrolladora del Norte S. en C., S.A.* now pending before the Court of First Instance of Puerto Rico, Ponce Part, be dismissed with prejudice;

f) Such other relief as the Court shall deem appropriate.

In San Juan, Puerto Rico on this 12th of February 2009.

**REICHARD & CALAF, PSC**
PO Box 9022946
San Juan, PR 00902-2946
Tel. (787) 725-1004
Fax (787) 721-0899

S/FEDERICO CALAF LEGRAND
Federico Calaf Legrand
(USDC PR 118907)
E-mial calaf@rcpsc.com

-and-

**MAYMI, RIVERA & ROTGER, P.S.C.**
P.O. Box 11897
San Juan, Puerto Rico 00922
Tel. (787) 474-0070
Fax. (787) 474-0071

S/ANGEL E. ROTGER SABAT
Angel E. Roget Sabat
(USDC 208601)
E-mail arotger@maymirivera.com